CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 15 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NAPOLEON JWAN FREEMAN, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00653 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Napoleon Jwan Freeman, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Freeman challenges the validity of his recent civil commitment to a mental institution, while he was in the custody of the Virginia Department of Corrections. For the following reasons, the court will dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

Freeman is currently incarcerated at August Correctional Center, where he is apparently serving a twenty-three-year sentence imposed by the Circuit Court for the City of Roanoke. On March 19, 2006, Freeman was committed to Marion Correctional Treatment Center for psychiatric treatment, "against his will," pursuant to Virginia Code § 53.1-40.2.[2] Freeman alleges that he appealed the order authorizing his involuntary admission to the Circuit Court for the County of Smyth, and that he "won" the appeal. Nonetheless, Freeman filed this petition challenging the validity of his involuntary commitment. Freeman alleges that although he "won

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

[2] Section 53.1-40.2 sets forth the procedure by which the Virginia Department of Corrections can seek to have a state prisoner involuntarily admitted to a hospital or facility for the care and treatment of a mental illness.

his case," he "want[s] it cleared in court so it does not happen again."

## DISCUSSION

A federal court has jurisdiction to consider a petition for writ of habeas corpus filed on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is <u>in custody in violation of the Constitution of laws or treaties of the United States</u>." 28 U.S.C. § 2254(a) (emphasis added). The United States Supreme Court has interpreted this statute as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-491 (1989).

Although Freeman is currently incarcerated, he is not seeking relief from the convictions or sentence upon which his confinement is based. Instead, he seeks to attack the involuntary commitment order entered on March 19, 2006. However, because Freeman is no longer "in custody" pursuant to that order, the court lacks jurisdiction to entertain his petition. See <u>Mitchell v. Warden, Maryland Penitentiary</u>, 914 F.2d 248 (4th Cir. 1990) (holding that the district court was without jurisdiction to consider the petitioner's claims related to his deadly weapons conviction, since his three-year sentence for that conviction expired before he filed his federal habeas petition). Accordingly, the petition must be dismissed.[3]

The Clerk is directed to send certified copies of this memorandum opinion and the

---

[3]The court notes that Freeman also appears to allege that his conditions of confinement at Marion Correctional Treatment Center were unconstitutional. Freeman is advised that such claims must be raised in a civil rights action under 42 U.S.C. § 1983. See <u>Adams v. North Carolina</u>, 530 F.2d 967 (4th Cir. 1975) ("If it is only the conditions of confinement he challenges, then the proper remedy is a suit pursuant to 42 U.S.C. § 1983."). Court records from the United States Court of Appeals for the Fourth Circuit and the United States District Court for the Eastern District of Virginia indicate that Freeman has been advised on multiple occasions that he has "three strikes" for purposes of 18 U.S.C. § 1915(g). Therefore, he may not bring a civil rights action under § 1983 without prepayment of the $350.00 filing fee, unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Freeman has neither paid the requisite filing fee nor demonstrated that he is in imminent danger, the court will not construe the instant petition as a civil rights action.

2

accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 14th day of November, 2006.

                                                                                   United States District Judge